# EXHIBIT C

2013 WL 869680
Only the Westlaw citation is currently available.

NOTICE: THIS OPINION IS DESIGNATED AS UNPUBLISHED AND MAY NOT BE CITED EXCEPT AS PROVIDED BY MINN. ST. SEC. 480A.08(3).

Court of Appeals of Minnesota.

Mark McDONALD, Plaintiff,
v.
TARGET CORPORATION, defendant and third party plaintiff, Appellant,
v.
Frito–Lay, Inc., third party defendant, Respondent.

No. A12–0747.    |    March 11, 2013.
|    Review Denied May 29, 2013.

Steele County District Court, File No. 74–CV–11–1502.

**Attorneys and Law Firms**

William L. Davidson, Brian A. Wood, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, MN, for appellant.

Dennis Scott Ballou, Patrick M. Biren, Brownson & Ballou, PLLP, Minneapolis, MN, for respondent.

Considered and decided by WORKE, Presiding Judge; STONEBURNER, Judge; and SCHELLHAS, Judge.

**UNPUBLISHED OPINION**

WORKE, Judge.

*1 In this third-party action premised on an indemnification agreement, appellant store seeks indemnification and insurance coverage from respondent snack manufacturer for appellant's negligence that purportedly resulted in an injury to respondent's employee as the employee delivered goods to appellant. We affirm the district court's grant of summary judgment in favor of respondent.

**FACTS**

On February 22, 2010, Mark McDonald, an employee of respondent Frito–Lay, Inc., was injured while delivering Frito–Lay products to a store operated by appellant Target Corporation in Owatonna. As required by appellant, McDonald used a delivery entrance ramp to transport Frito–Lay products, and while doing so he allegedly slipped and fell on accumulated ice.

McDonald brought a negligence action against appellant, which in turn initiated a third-party action against respondent. Appellant sought defense and indemnification from respondent in accordance with their Purchaser's Partners Online agreement, and costs and attorney fees for defending the action. Appellant moved to compel respondent to defend McDonald's negligence action, and both parties moved for summary judgment.

The district court denied appellant's motions and ordered summary judgment for respondent. The district court strictly construed the agreement to conclude that it did not require respondent to indemnify appellant for appellant's own negligence and that respondent had no duty to procure insurance under relevant contract provisions. Because the court concluded that respondent had no duty to either defend or indemnify appellant, the court denied appellant's request for costs and attorney fees. This appeal followed.

**DECISION**

A district court may order summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. An appellate court reviews a district court's grant of summary judgment de novo to determine whether there is a genuine issue of material fact precluding summary judgment and whether the district court correctly applied the law." *Riverview Muir Doran, LLC v. JADT Dev. Grp.,* 790 N.W.2d 167, 170 (Minn.2010). Summary judgment is appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *DLH, Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997) (quotation omitted).

"[T]he goal of contract interpretation is to ascertain and enforce the intent of the parties." *RAM Mut. Ins. Co. v. Rohde,* 820 N.W.2d 1, 14 (Minn.2012) (quotation omitted). Contract language that is unambiguous must be "given its plain and ordinary meaning." *Metro. Airports Comm'n v. Noble,* 763

N.W.2d 639, 645 (Minn.2009). A contract is ambiguous if it is "susceptible to more than one reasonable interpretation." *Caldas v. Afford. Granite & Stone, Inc.,* 820 N.W.2d 826, 832 (Minn.2012). The interpretation of a contract, including whether a contract is ambiguous, is a question of law that is subject to de novo review. *Id.*

 *2 "Agreements seeking to indemnify the indemnitee for losses occasioned by its own negligence are not favored by the law and are not construed in favor of indemnification unless such intention is expressed in clear and unequivocal terms, or unless no other meaning can be ascribed to it." *Nat'l Hydro Sys. v. M.A. Mortenson Co.,* 529 N.W.2d 690, 694 (Minn.1995) (quotation omitted); *Fire Ins. Exch. v. Adamson Motors,* 514 N.W.2d 807, 809 (Minn.App.1994). Such agreements "are to be strictly construed when the indemnitee ... seeks to be indemnified for its own negligence. There must be an express provision in the contract to indemnify the indemnitee for liability occasioned by its own negligence; such an obligation will not be found by implication." *Nat'l Hydro Sys.,* 529 N.W.2d at 694 (quotation omitted). In addition, the supreme court has declined to enforce an indemnification clause, as void against public policy, if the clause seeks to relieve a party of the consequence of a violation of a public duty. *Yang v. Voyagaire Houseboats, Inc.,* 701 N.W.2d 783, 791 (Minn.2005); *Zerby v. Warren,* 297 Minn. 134, 144, 210 N.W.2d 58, 64 (1973).

Here, the indemnification provision states:

> [Respondent] shall defend, indemnify and hold harmless [appellant] ... from and against any liabilities, losses, investigations or inquiries, claims, suits, damages, costs and expenses (including without limitation, reasonable attorneys' fees and expenses) (each a "Claim") arising out of or otherwise relating to the subject matter of the Contract, including any claim or demand of any kind or nature, which any buyer or user of Goods, or any other entity or person ..., may make against [appellant], based upon or arising out of the manufacture, delivery, ticketing, labeling, packaging, placement, promotion, sale, or use of Goods, [respondent's] performance or failure to perform as required by the Contract, [respondent's] acts or omissions, or any of [respondent's] representations or warranties contained in the Contract ... It is the intent of the parties hereto that all indemnity obligations be without limit and without regard as to whether or not [appellant] furnishes specifications or inspects Goods.

Indemnification is required for all "claims" "arising out of" "the subject matter of the Contract, including" a claim "arising out of the ... delivery ... of Goods." The agreement also states that the parties intend "that all indemnity obligations be without limit." This seemingly comprehensive language could impose upon respondent the contractual duty to indemnify appellant for appellant's negligent failure to remove snow or ice from its vendor delivery area.

But we must interpret the contract in a manner consistent with Minnesota caselaw, which mandates that we enforce contractual indemnification language covering the indemnitee's own negligence only when the language is included in a "clear and unequivocal" indemnity statement. *Nat'l Hydro. Sys.,* 529 N.W.2d at 694. The contract language here does not mention "negligence," nor does it specifically require respondent to indemnify appellant for appellant's negligent acts, particularly for negligent acts that occurred before McDonald arrived at appellant's store and that were unrelated to respondent's delivery of goods. The indemnification language fails to satisfy the specificity requirements of caselaw, and we therefore observe no error in the district court's decision to grant summary judgment for respondent. This result is consistent with the policy favored by this state, which requires, even among sophisticated contracting parties, that an indemnitor will explicitly agree to contract language excusing an indemnitee from liability for its own negligent acts.

 *3 Appellant also argues that the district court erred by concluding that respondent had no duty to procure commercial general liability insurance naming appellant as an additional insured. Again, we disagree. The language of the parties' contract requires respondent to procure commercial general liability insurance with minimum coverages for "liabilities assumed by [respondent] under the [c]ontract," and for third-party claims brought against appellant for claims "arising out of the [c]ontract." As the overall purpose of the parties' contract was for the sale of goods, McDonald's negligence claim did not "arise" out of the contract, and respondent had no obligation to purchase insurance on

appellant's behalf for this occurrence. Because of our holding, we likewise conclude that appellant cannot recover costs and fees in defending against McDonald's claims and in establishing that respondent is obligated to defend and indemnify appellant.

**Affirmed.**

---

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.