# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LYNN KRUIS**, | ) |
| Plaintiff, | ) |
| | ) Case No. 12-cv-5675 |
| vs. | ) |
| | ) Judge Manish S. Shah |
| **TARGET CORPORATION**, a foreign corporation, *et al.*, | ) |
| | ) Magistrate Judge Susan E. Cox |
| Defendants. | ) |

## TARGET'S REPLY TO HUSSMANN'S LOCAL RULE 56.1(b)(3)(C) STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS IN OPPOSITION TO TARGET'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**NOW COMES** Defendant/Cross-Plaintiff, **TARGET CORPORATION** ("Target"), by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for its reply to **HUSSMANN CORPORATION'S** Local Rule 56.1(b)(3)(C) Statement of Additional Undisputed Material Facts in Opposition to Target Corporation's Motion for Partial Summary Judgment ("Hussmann SOAF"), states the following:

1. Target and Hussmann entered into a contractual agreement, the Supplier Qualification Agreement, whereby Hussmann agreed to provide refrigerators to Target. (See Ex. 1, Supplier Qualification Agreement, ¶2.1).

**Response**: Target does not dispute that it entered into a contractual agreement, which included the Supplier Qualification Agreement attached to Hussmann's SOAF, whereby Hussmann agreed to provide refrigerators to Target. The entire contract which governed the parties' rights and responsibilities relative to the Melrose Park store was entitled Program Agreement for Refrigerated Door Cases. That contract, in its entirety, is attached to Target's SOF as Exhibits A and B. (*See* Target SOF [Dkt. No. 242], ¶¶ 20-23. *See also* Hussmann's admissions contained in its response to Target's SOF [Dkt. No. 252], ¶¶ 20-21 and 23.)

2. Section 11.2 of the Supplier Qualification Agreement provides that "[t]he laws of the State of Minnesota, without regard to Minnesota's choice of law principles, govern all matters arising out of or related to this Agreement." (Ex. 1, Supplier Qualification Agreement, ¶11.2).

**Response**: Undisputed.

3. Hussmann is not a professional insurance company and the Supplier Qualification Agreement is not an insurance policy. (*See* Ex. 1, Supplier Qualification Agreement).

**Response**: Target does not dispute that Hussmann is not an insurance company, registered as such, and that the Supplier Qualification Agreement is not an insurance policy. However, Target disputes that paragraph 3 states any material facts. Further answering, Hussmann, by self-insuring, stepped into the shoes of the insurer and acted as an insurer relative to its obligations to Target arising from the Program Agreement for Refrigerated Door Cases. (*See* Target SOF 34 and Hussmann's response thereto.)

4. The Supplier Qualification Agreement does not contain a provision for coverage for actions "caused by the negligence of Target." (*See* Ex. 1, Supplier Qualification Agreement, ¶6).

**Response**: Objection. Paragraph 4 is irrelevant under the Eighth Circuit's decision in *Harleysville Ins. Co. v. Physical Distrib. Servs.*, 716 F.3d 451 (8th Cir. 2013). Subject to and without waiving said objection, Target does not dispute that section 6 of the Supplier Qualification Agreement does not contain the words "caused by the negligence of Target."

5. Section 7.2 of the Supplier Qualification Agreement provides that Hussmann's insurance "shall designate Target as an additional insured by endorsement acceptable to Target." (Ex. 1, Supplier Qualification Agreement, ¶7.2).

**Response**: Target does not dispute that section 7.2 of the Supplier Qualification Agreement contains the language quoted in paragraph 5 of Hussmann's SOAF but notes that Hussmann has not completely or accurately quoted that section, which, in its entirety, states:

> **7.2 Commercial General Liability Insurance Requirements.**
> Supplier's Commercial General Liability insurance shall designate Target as an additional insured by endorsement acceptable to Target. Designation of Target as an additional insured shall include as an insured with respect to third party claims or actions brought directly against Target or against Target and Supplier as co-defendants and arising out of this Agreement. Supplier's insurance shall include products and completed operations liability coverage, contractual liability coverage for liabilities assumed by Supplier under this Agreement, and coverage for property in the care, custody, or control of Supplier. Supplier's insurance shall be primary and required to respond to and pay prior to any other available coverage of Target. Supplier's insurance also shall provide for severability of interests.

(See Target SOF 24 and Ex. B attached thereto.)

6. The endorsement procured by Hussmann and accepted by Target added additional insureds, "but only with respect to liability to the extent caused by [Hussmann] and arising out of [Hussmann's] operations or premises owned or rented to [Hussmann]." (See Hussmann Insurance Policy, Dkt. No. 242, Target's Exh. K, Hussmann_000352) (Filed under seal pursuant to Court Order, Dkt. No. 247).

**Response**: Target disputes that the insurance policy endorsement referenced by Hussmann was ever provided to or accepted by Target. The document cited by Hussmann does not support the assertion that the endorsement was ever provided to or accepted by Target. Target does not dispute that Hussmann obtained an insurance policy endorsement that contains the language quoted in paragraph 6 of Hussmann's SOAF.

7. Plaintiff Lynn Kruis alleges that she sustained personal injuries while shopping at Target when she slipped in a puddle of clear liquid on the floor. (*See, e.g.*, Plaintiff's Third Amended Complaint at Law, Dkt. No. 155, Count I ¶31).

**Response**: Target does not dispute that this is one of Plaintiff's allegations.

8. Plaintiff sued Target alleging that Target's negligence caused her injuries. (*See* Plaintiff's Third Amended Complaint at Law, Dkt. No. 155, Count I ¶37).

**Response**: Target does not dispute that Plaintiff sued a number of defendants, including Target, and alleged that their negligence caused Plaintiff's injuries.

9. Plaintiff's claims against Target relate solely to Target's own negligent acts, including, but not limited to, failing to implement an inspection system to determine when leaks occurred, failing to inspect coolers and freezers to determine if defects had been corrected before accepting delivery, continuing to maintain a policy requiring "wet look" floors, allowing a clear liquid to remain in the aisle of the store, failing to remove the clear liquid which it allowed to accumulate by failing to address known defects, failing to install water absorbing bumpers around the kick plates, failing to warn of the dangerous condition in the area where the clear liquid was located, failing to have p-traps, drains and Ts replaced, and failing to pour water in the coolers or freezers on a routine basis to test and inspect the drain assembly systems. (*See e.g.*, Plaintiff's Third Amended Complaint at Law, Dkt. No. 155, Count I ¶¶30(a)-(i)).

**Response**: Target disputes that Plaintiff's claims against Target relate solely to Target's own negligent acts. Plaintiff's claims against Target relate directly to the presence of the defective and malfunctioning freezer and refrigerated cases designed, manufactured, and sold by Hussmann pursuant to the Program Agreement for Refrigerated Door Cases. (*See, generally,* Plaintiff's Third Amended Complaint, Dkt. No. 155.)

10. Target attempts to shift responsibility for its own alleged negligence by claiming that Hussmann is contractually obligated to indemnify and defend Target against the personal injury suit. (See Target's Second Amended Crossclaim and Third-Party Complaint, Dkt. No. 161, ¶¶39, 45-46).

**Response**: Objection. Item 10 is improper and argumentative. It states legal argument as opposed to stating any material fact supported by the record. Subject to and without waiving said objection, Target does not dispute that it is seeking to enforce Hussmann's contractual obligation to defend and indemnify Target for Plaintiff's claims herein arising from Hussmann's sale of the

refrigerated and freezer cases referenced in Plaintiff's complaints irrespective of fault as the claims arise out of the subject matter of the Program Agreement. (*See* Target's Second Amended Crossclaim and Third -Party Complaint, Dkt. No. 161, ¶¶ 39 and 45-46.)

11. To date, the litigation between Plaintiff Lynn Kruis and the various Defendants is ongoing as there has been no settlement or determination of liability. *See Court Docket*.

**Response**: Undisputed.

>Respectfully submitted,
>
>JOHNSON & BELL, LTD.
>
>By: /s/ Robert M. Burke
>One of the attorneys for Target Corporation

Robert M. Burke
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
(312) 372-0770
burker@jbltd.com

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2015, I electronically filed the foregoing **Target's Reply to Hussmann's Local Rule 56.1(b)(3)(C) Statement of Additional Undisputed Material Facts in Opposition to Target's Motion for Partial Summary Judgment** with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system and that a copy of said filing was on the same date to be served upon all counsel of record by the same CM/ECF system.

/s/ Robert M. Burke