UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LYNN KRUIS,

      Plaintiff,

  v.

TARGET CORPORATION, et al.,

      Defendants.

No. 12 CV 5675

Judge Manish S. Shah

## ORDER

Hussmann's motion for reconsideration or immediate appeal [282] is denied.

## STATEMENT

Lynn Kruis slipped on a clear liquid while shopping at a Target store. The liquid allegedly came from a defective Hussmann freezer. Kruis sued Target, Hussmann, and several other defendants. Target moved for partial summary judgment, arguing that Hussmann was contractually obligated to defend and insure Target against Kruis's claims. The court granted Target's motion. [271]. Hussmann moves for reconsideration, or alternatively for the opportunity to appeal immediately (either under Rule 54(b) or under 28 U.S.C. § 1292(b)).

*Reconsideration*

Hussmann acknowledges that "[m]otions for reconsideration serve limited functions." [283] at 2. The applicable one here, Hussmann argues, is to correct a "manifest error[] of law." *Id.* Hussmann argues that the summary-judgment ruling was a manifest error of law because permitting indemnification against one's own negligence is bad public policy. [282] at 3–4; [288] at 6–7. Hussmann made no such argument when it initially opposed Target's motion, and that failure is reason enough to deny Hussmann's motion for reconsideration. *See Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("Reconsideration is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion."); *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("A party seeking to defeat a motion for summary judgment is required to wheel out all its artillery to defeat it. Belated factual or legal attacks are viewed with great suspicion . . . ."). Moreover, Hussmann's policy argument is unpersuasive. Policy concerns did not lead Minnesota to outright prohibit indemnification against one's own negligence. To the contrary, Minnesota permits such indemnification if it is

provided for by clear and unequivocal language. *Yang v. Voyagaire Houseboats, Inc.*, 701 N.W.2d 783, 791–92 n.5 (Minn. 2005). The prior ruling did not ignore policy considerations; it required Target's indemnification to be provided for in clear and unequivocal language. Hussmann disagrees that the language is clear, but that is not a basis for reconsideration.

Hussmann also repeats the arguments it previously advanced, which does not warrant the granting of its motion. *See Ahmed v. Ashcroft*, 388 F.3d at 249 ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments . . . ."); *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). In particular, Hussmann relies on *Yang* and *National Hydro Systems v. M.A. Mortenson Co.*, 529 N.W.2d 690 (1995)—cases that were discussed in the prior opinion. [271] at 5, 6–7, 8 n.5. It is true that the indemnification provision in *Yang* was broad. But Hussmann ignores that, in deciding whether the provision was clear and unequivocal, the *Yang* court took into account the contracting parties' relative sophistication and the unusual nature of the indemnity obligations (requiring the unsophisticated individual to indemnify against the sophisticated company's negligence that predated the parties' relationship). *Yang*, 701 N.W.2d at 791 n.5; [271] at 6–7. In contrast, the parties here are both sophisticated. *See Harleysville Ins. Co. v. Physical Distrib. Servs.*, 716 F.3d 451, 458 (8th Cir. 2013) (in contrast to *Yang*, "the parties in this case are sophisticated businesses who fully understood the terms of the agreement").[1]

Concerning *National Hydro*, that case is distinguishable (for present purposes). *See* [283] at 8. In *National Hyrdo*, a contractor agreed to indemnify "from and against all claims . . . which arise out of . . . *performance of the WORK by CONTRACTOR* . . . ." 529 N.W.2d at 692. In contrast, Hussmann agreed to indemnify Target against claims arising out of: (1) Hussmann's "performance or failure to perform"; (2) Hussmann's "acts or omissions"; (3) Hussmann's "failure to comply with any of [Hussmann's] representations or warranties"; *and* (4) *"the subject matter of this Agreement."* [252] ¶ 25 (emphasis added). Hussmann's obligation to indemnify Target against claims arising out of "the subject matter" of the agreement (*see* [271] at 4) distinguishes it from the obligation in *National Hydro*. The clause in this case, unlike the clause in *National Hydro*, does not require that the indemnitor be the culpable party.

The request to reconsider is denied.

---

[1] Hussmann argues at length that *Harleysville* is not "binding." [288] at 2, 4–6. It was not treated as such. [271] at 2 n.1 (quoting *Lyon Fin. Servs. v. Ill. Paper & Copier Co.*, 732 F.3d 755, 756 (7th Cir. 2013)). *Yang* and *National Hydro* were distinguishable and *Harleysville* was "persuasive." [271] at 6–8 & n.5.

*Certification under Rule 54(b)*

Hussmann asks that the summary-judgment order be certified as final under Federal Rule of Civil Procedure 54(b). [283] at 10–11. Certification requires both that the order "finally dispose of a separate claim or a separate party" and that "there is no just reason for delay." *Parks v. Pavkovic*, 753 F.2d 1397, 1401 (7th Cir. 1985); Fed. R. Civ. P. 54(b).

The part of the opinion declaring that Hussmann breached its duty to procure insurance is not final—the existence and extent of damages remain to be determined and are substantive rather than ministerial. *See Parks*, 753 F.2d at 1401. Accordingly, Rule 54(b) certification is not proper.

Whether to certify the part of the opinion declaring that Hussmann has a duty to defend Target is a more complicated question. In certain circumstances, a declaration that a duty to defend exists (or does not exist) can properly be certified under Rule 54(b). *See McMunn v. Hertz Equipment Rental Corp.*, 791 F.2d 88, 91 (7th Cir. 1986); *Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 550 (7th Cir. 1988). But that is not an ironclad rule—the details of the case are important. Certification is not proper if issues that remain before the district court are "substantively intertwined" with the duty-to-defend question such that the "district court's decision on that issue may be revisited and revised[.]" *General Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 380 (7th Cir. 2011). Furthermore, "[e]ven when claims are separate, an appeal ought not follow as of course." *Horn v. Transcon Lines*, 898 F.2d 589, 592 (7th Cir. 1990). One consideration is whether certification increases the likelihood of multiple appeals. *Clark Mall Corp.*, 644 F.3d at 379 ("Rule 54(b) appeals are generally limited to situations where one of multiple claims is fully adjudicated—to spare the court of appeals from having to keep relearning the facts of a case on successive appeals."); *Horn*, 898 F.2d at 592 ("[W]hen the questions remaining in the district court factually overlap those on appeal, presenting a specter of sequential appellate resolution, the appeal is impermissible.").

Target pleaded a breach-of-contract crossclaim against Conlon Construction Company, in which Target alleges that Conlon (or its insurer) owes Target duties of defense and indemnity in this case. [161] at 5–7. Target has a similar crossclaim against General Refrigeration Service Corporation. [161] at 9–11. Target argues that these claims are intertwined with Hussmann's duty to defend because it remains to be determined what portion of Target's costs will be borne by each of the entities that may owe Target a defense. [291] at 2–3. Target's argument is persuasive. The factual overlap presents the specter that an appellate court will have to relearn the facts of this case—including the specific insurance, defense, and indemnity provisions at

3

issue—in sequential appeals. Accordingly, certification under Rule 54(b) is not appropriate.

*Interlocutory Appeal under 28 U.S.C. § 1292(b)*

Hussmann asks for an order under 28 U.S.C. § 1292(b), which would give the Court of Appeals discretion to hear an immediate appeal from Hussmann. This court should enter such an order only if the summary-judgment order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the [summary-judgment] order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b).

The summary-judgment issue was decided entirely upon a question of law, and the parties' briefs highlighted a substantial ground for difference of opinion. But the court is not convinced that an immediate appeal will materially advance the ultimate termination of the litigation. Hussmann argues that without an immediate appeal settlement will be impossible, because "[u]nless and until all appellate options are exhausted, Hussmann will not agree to pay for Target's negligence." [283] at 13. Hussmann did not argue that the identity of the payor alters the value of Kruis's claims. Nor did Hussmann argue that it is financially incapable of paying—it just does not want to. A party's preference for appeal over continued district-court litigation does not satisfy the § 1292(b) criteria.

*Conclusion*

Hussmann's motion [282] is denied.

ENTER:

Date: 6/26/15

Manish S. Shah
U.S. District Judge